Last case on our call this morning is agenda number five, case number 104-315, People of the State of Illinois v. Edward Golden et al. Ms. Kripke, are you ready to proceed? May it please the court, Joan Kripke from the State's Attorney's Appellate Prosecutor on behalf of the People of the State of Illinois. Counsel? The people come before this court and are asking it to do two things. To remand this case to the appellate court with instructions for it to vacate the relief it granted the defendants and to reinstate the judgment of the Circuit Court of Lake County. We are also asking this court not to exercise its supervisory authority. The defendants were convicted of theft over $100,000 from their employer Abbott Laboratories. Their appellate counsel timely filed the notice of appeal and timely filed a brief in their case. In the brief that he filed he raised one issue, whether or not the defendants had been convicted beyond a reasonable doubt. Defendants counsel, however, failed to make a complete record on appeal. And of the documents missing from the record were the transcripts of the court's ruling from the bench and any post-trial motions. Therefore, the appellate court had none of the trial court's reasoning before it when it went to adjudicate the appeal. The appellate court followed the long-standing principle of this court, which can be found in Fouch v. O'Brien, that when a record is deficient, the court must affirm, presuming that the trial court ruled correctly. And that is what the Second District did on direct appeal. They affirmed the convictions and in their Rule 23 order, they expressed this reasoning for the appellate court. A case is not adjudicated on the merits in only two instances, when an appeal is not perfected or when it's perfected but it's dismissed for want of prosecution. Those defendants never get their feet inside the door of the appellate process. But these defendants had their feet firmly in the door and went up and down the appellate process seeking review of their case. And they had the full panoply of relief available to them and they availed themselves of it. They filed a petition for rehearing with the appellate court. It was denied. They came up here, filed a petition for leave to appeal. It was denied. They then went back down to the circuit court and filed a petition pursuant to the Post-Conviction Hearing Act. Because their case had been adjudicated on the merits, they had only one avenue available to them to present their case on post-conviction. They had to prove up both prongs of Strickland v. Washington. They had to come in and say, but for the fact that our appellate counsel failed to make a complete record on appeal, there would have been a reasonable probability that we would have prevailed on that appeal. That's the line of cases that come from Ferro and Caballero and Hightower. The defendants instead follow a line of cases from Thomas and Swanson and Perez which say, in a case not adjudicated on the merits, there is per se ineffective assistance of counsel and prejudice is presumed. But they should not have followed that line of reasoning because they didn't fall underneath it because their case had been adjudicated on the merits. Nevertheless, the post-conviction court adjudicated it as they had presented their argument and found that they had indeed received the ineffective assistance of counsel. And no one contests this. It's clear that the counsel was ineffective for failing to make the record. However, the court, and they also said, and prejudice is presumed. That we certainly don't agree with. So then what was left? The post-conviction petition had been granted. All that was left were the prayers for relief. And their prayers for relief were something that the post-conviction court simply could not grant. The two main ones that they asked were, one, that the post-conviction court should order the appellate court to reinstate their direct appeal. And the post-conviction court said, well, we can't do that. I can't do that. And then they came back and said, well, then let us file a late notice of appeal. Now that request came from the line of cases, of cases not adjudicated on the merits. And it makes sense when your case isn't adjudicated on the merits because they never got their foot in the door. But these defendants had their foot in the door. So the trial court, the post-conviction court said no. So they came up on appeal to the appellate court again. And they did not raise as an issue either the denial of their prayers for relief, nor did they raise the issue that perhaps they had received the unreasonable assistance of PC counsel. Instead, they just filed a brief where they reiterated their argument on direct appeal that they had not been proven guilty beyond a reasonable doubt. What the second district did was looked at the case and said, wait, there was an adverse ruling below. And the adverse ruling below was to your prayers for relief. We're going to examine that to determine if those are appropriate rulings, even though the defendant had not asked for it. They were looking at the jurisdictional issue. And we don't have a problem with that. And the appellate court came back and said, the post-conviction court ruled correctly in denying the relief that you requested. It could not have been granted. And the appellate court also said, we are ruling here that your case on direct appeal was adjudicated on the merits. At that point, we are contending that should have been the end of their opinion. They had no authority to do anything else to remand the case or issue any kind of relief because there was nothing left for them to adjudicate. What, indeed, they did was form some equitable remedy because of the fact that the rules were changed mid-game, right? As to whether the post-conviction court in the second district, as to whether the post-conviction judge could order a new appeal when, indeed, there was a finding that appellate counsel was in effect. Well, there was case law earlier in the second district that said that he could, the judge could. And between the time of their appeal, there was subsequent case law that said they couldn't. So they said, in this instance, we're going to send it back. But that line of reasoning was only available in cases that had not been adjudicated on the merits. In the case law from Ferro and Caballero and Hightower, that wasn't how it would have proceeded. Had they done it correctly and argued both prongs of Strickland, the scenario would have been they come up to the court, the argument is made, but for the failure of our appellate counsel to have made a complete record on appeal, there's a reasonable probability we would have prevailed on direct appeal. Then the PC court rules. Whoever would have been on the losing end of that ruling would have appealed to the appellate court. And what would have come up to the appellate court would have been the question of reasonable doubt. That's how they should have gotten their direct appeal reinstated, as they put it. Remember, it's already been adjudicated, just not in the way they had advocated. And they can't have a late notice of appeal. They were never late. They timely filed a notice of appeal. They timely filed their briefs. They timely filed every petition all up and down the process. Let me ask it this way. There is a split in the districts as to whether post-conviction courts can order new appeals in cases in which there is a finding in that court, post-conviction, of ineffective assistance of appellate counsel. If this court was to rule, because there is this conflict, in fact, the case is coming up, and if this court was to rule in that particular instance, let's just take one end of it, that the court can, the post-conviction court can order a new appeal in those cases where there's a finding of ineffective assistance of appellate counsel, how does that affect your argument or this case? I have to know, how was that counsel ineffective? Did they, was the case adjudicated on the merits or was the case not adjudicated on the merits? That's where it converges. If the case was never adjudicated on the merits because the appellate counsel failed to file the notice of appeal or failed to file a brief, I believe what comes up in, I believe the scenario would be this. It would come up to the appellate court, there would be this per se ineffectiveness, there would be prejudice presumed because there's nothing to adjudicate because there never was an appeal, there was never a brief filed, there was no legal issue presented. At that point, the court would make a ruling, the defendant would have to say, we want our case reinstated, our direct appeal reinstated. Well, again, the PC court doesn't have the tools to do that. They would have to deny that relief. Then they would have to come up to the. But that's the issue. But it's not the issue in our case. That is the split in the districts. You said the PC court doesn't have the wherewithal to make that. There have been cases that held that they can, the PC court can order a new appeal. There's other cases in other districts that say they can't. So that's our question. But that case is not the scenario before you. Because that scenario only applies, I can give you my opinion on it, my humble opinion on that, but that's not the issue before you. The issue before you has to do with these defendants follow the correct line of reasoning which applied to people whose cases had been adjudicated on the merits. And the answer is no. They did not. Don't you agree that the appellate counsel's performance was deficient on direct appeal? Can you say that? Absolutely. But the case was adjudicated. Well, shouldn't the courts then at some point address whether the deficiency had a prejudice effect on the defendant? Well, yes and no. In this case, they could have had it adjudicated. First of all, their appeal was adjudicated. And if this court is finding that it wants to go back and give them a break, what you're doing is undermining Fouch v. O'Brien. That's a longstanding ruling in this court that the courts have relied on. When the record is deficient, you must affirm. You must. And if you say, oh, well, the guy didn't do this and didn't do that, let's give him another bite at the apple. Rather than send it back to allow the defendants an opportunity to amend their petition for post-conviction relief, what would you think of remanding not to file a successive petition, but rather to file the transcript to the trial judge and then evaluate under Strickland? Two things. First of all, the trial transcript was before the post-conviction court. They failed, however, to prove up the second prong of Strickland when they were before the post-conviction court. So that is now the whole issue of ineffective assistance of counsel actually is res judicata. Their petition was granted. They ruled that this man was ineffective. There's no question anymore. In the trial court, did the appellate court have the transcript? Which appellate court? On the first go-around, on direct appeal? On either. So they did not utilize the transcript. But they couldn't. The defendants, Pitzenberger and the post-conviction court, they could not utilize the transcript. hearing act say, very specifically, if you don't raise it in your initial post-conviction petition, it's waived. It's gone. It becomes res judicata. These people, and going back to you, Justice Burke, to your question, should there be an evaluation? There could have been. They had the opportunity to do it right in the post-conviction court. But if you use your supervisory authority in this court to try and remedy this wrong, please look at who these people are using as an attorney. They're using the same man who created the problem in the first place. They never rid themselves. They never fired their appellate counsel. They used him to file the petition for rehearing. They used him for the PLA. And then they used him to file his own PC petition alleging his own ineffectiveness. Counsel, that brings up an interesting question. Would your analysis be the same if the defendant had a public defender? And the public defender had done the wrong thing? No, the same scenario, but he had appointed counsel and not private counsel. It would change, yes, it would change under Pecoraro. This is, under Pecoraro, what this court held was that when a defendant had retained counsel and then complained about how he proceeded on post-trial motions, then he came and he had the opportunity at that point to get rid of his counsel and hire somebody else or ask for appointed counsel, but he didn't do it. And this court said, look, we can't intervene in the attorney-client relationship. And if you want to retain this person who you are now coming up and saying is ineffective, that's your business, but the person's not coming up with clean hands, and these defendants aren't coming up with clean hands either. They're using the same man who had made all these mistakes to come up and say, well, now give us another bite at the apple. Well, counsel, you can't speculate why. Perhaps it's money. Maybe he's trying to help them out. You know, you can't speculate why. But you say there's a difference if the defendants had used the public defender, yet you think that would be okay, whether one public defender versus another public defender. The law in general will say, but the, but this court said, and maybe, let's say it is for the purpose of money, and let's say they ran out of money and the man said I'll do it for free. But again, we are speculating, and this is not part of the record of this case. All we know is this man was there. Counsel, except for one thing, you are finding a negative on part of these defendants because they retained the same lawyer. Yes. Are you speculating a little bit yourself? That they retained the same lawyer? No, no, that they said we're going to keep this lawyer who's done a bad job for us? Well, clearly they retained him. Their mistake is they didn't do a very good job in hiring their lawyer. He was their lawyer from the beginning. Right. I understand that. He clearly created a problem for them on appeal. They, these people are not incarcerated. They will never be incarcerated. They have had the wherewithal to retain other counsel. If it were a matter of money and then they have the choice of coming before the court and saying we're indigent, please appoint counsel, they have that opportunity. So if they chose to, they don't, they have a choice even if they are indigent, at which point they can, even if the man says, well, I've messed this up, but I'll do it for free, they can stay with him if they want or they can go before the court and say we're indigent, we need appointed counsel. But counsel, who the defendant's counsel is, is not really part of this case, nor can we really use that as part of a decision of why they had the same counsel. The fact is you admit that defense appellate counsel, whoever it is, made a major mistake on behalf of these people. He did, but they had every opportunity to rectify it on post-conviction. What I would like to remind the court is that once you get into post-conviction, he did it wrong as post-conviction counsel. The way to have done it was to say was my case adjudicated on the merits, yes or no. In this case, it clearly was adjudicated on the merits. If you read the case law, it tells you when a case is not adjudicated on the merits. So they had only one way they could proceed. They should have argued both prongs of Strickland, and they skirted their burden of coming in and proving up the second strong prong of Strickland. And when they messed it, when it was not done properly on post-conviction, now we're not looking at ineffective assistance of counsel and something of constitutional magnitude. You are looking merely at unreasonable assistance of counsel, an issue which I'd like to remind you they didn't even bother to raise when they came up to the appellate court, and therefore that is raised judicata doubt. It's waived. Back to, and I know you gave it an attempted answer in the question, but back to the fact that there are, if this court at some point was to decide that the post-conviction court could grant a late notice of appeal in cases in which there is a finding in that post-conviction court that there was ineffective assistance of appellate counsel, and we say in those circumstances you can send it back to the appellate court for a filing of a late notice of appeal. Isn't your recourse then under the facts of this case in the appellate court to say, oh, you have to dismiss this appeal, whatever it is. There's a finding in the post-conviction court in which we say they can do it if they make such a finding. I know you're saying it doesn't apply to this case, but just take, for example, that that is the status of the law, how would you be arguing it? An advisory opinion. Yeah. Where would you be arguing it? I think when we've discussed this and have tried to reason it out. Because let me just stop and say this, that in the Second District that was exactly the case, that there were cases that said that the post-conviction court could allow a late notice of appeal in cases in which they found ineffective assistance of appellate counsel. That was the status of the law when the petition was filed. By the time the case got to the appellate court, the status of the law in the Second District had changed, and that's why they fashioned this remedy, because they felt it was unfair to hold this particular defendant to that. Do you see where I'm going here? Yes, but Justice O'Malley made a mistake in his reasoning to get to that point. What he said was that avenue of relief was available because there was a split in the district as to how to proceed, whether one comes in and argues the second prong of Strickland or one just comes in and says prejudice is presumed. Okay, now that we're on the same page, let's throw all that out the window and say there's a pronouncement from this court that says late notice of appeal is okay. In this case? Whatever case. I mean, there is a case. I'm telling you there is a split in the districts as to whether that can be done. So this court will be making a determination most likely as to whether they can do it. How does that affect your case? I think you can only do that if I followed Justice O'Malley's reasoning about the late notice of appeal in his opinion. I don't care about his opinion. I'm saying that one district says yes, late notice of appeal from the postconviction court, one district says no, split in the districts. This court, for purposes of argument, I don't know which way the court will rule, this court comes down and says postconviction court can fashion that remedy. If they have a postconviction petition in front of them for ineffective assistance of appellate counsel and they can, we say they can fashion a remedy, grant relief of a filing of a late notice of appeal, how does that affect your case? Let's say that case came before your case. How does that affect your case? What I say is to my case it doesn't affect it because we always had timely filed notices of appeal. This case was adjudicated on the merits. It came up through the appellate process. And it doesn't affect us. If you are to do it in cases where the people never got their foot in the door of the appellate process, my opinion is that I think then you have to revise the Supreme Court rules of who is going to allow a late notice of appeal. If the postconviction court says, okay, well, in this case we disagree. We feel that the fact that there was never briefs filed or whatever, you know, the Fouts versus O'Brien argument, we feel that that is where appellate counsel was ineffective, that this particular defendant, although you talk about getting their foot in the door, really never had a right to an appeal in this case because of the late notice of appeal. Let's try this again. I know you disagree. I know you disagree that the postconviction court would do that. But if we say they can do that, where is your recourse? Is it your recourse in the appellate court then to say, no, this late notice of appeal has to be dismissed and we're going to argue why? If you do that, if you say that the postconviction court can allow that, then what you have done is completely undermined Fouts versus O'Brien because you're disregarding the fact that it was adjudicated on the merits. If you want to allow that remedy for cases that have not been adjudicated on the merits, then I think, as I recall, I can't remember exactly, then I think you have to change the Supreme Court rule of how it's going to be allowed, a late notice of appeal is going to be allowed. But I don't think it, again, it doesn't affect this case. Thank you, Ms. Kruby. Thank you. Mr. Nikitas, did I pronounce that correctly? You did, Your Honor. Good afternoon. May it please the Court. It appears in this situation that the State, through the Appellate Prosecutor's Office and the Attorney General's Office, is in a hurry to foreclose all legal avenues of relief to Sandra Haysig and Ed Golden. They were charged with theft. As employees of Abbott in Lake County, Illinois, they set up a company to perform elevator repairs at the Abbott facility. They knew when they set up this company that they were in violation of the handbook or rules and regulations governing employee conduct at Abbott by establishing this company to then contract work with Abbott, even though they were employees of Abbott. So they were charged with theft for the work that was done by this company to perform elevator repairs at Abbott. It is clear from reviewing the record that all of the elevator repairs that they contracted with Abbott to perform were actually performed. The only thing that's clear is that they violated Abbott's own internal rules when they set up this company to do so. But there was a bidding process that resulted in them getting this business for this company that they had set up, and then the elevator repairs went ahead and they were performed. So the trial court had a very, very difficult time establishing that the state had proven their burden beyond a reasonable doubt in this case. Three of the counts were dismissed. One of the counts, a conviction was entered, and the remaining count, the theft, also a conviction was entered and a sentence was crafted, but only as to that count. It is very clear from reviewing Judge McCoskey's ruling at the trial level that at best there was only circumstantial evidence. So clearly in this situation we start out with a very closely balanced situation. There was not an overwhelming amount of evidence produced. The trial court judge had a very difficult time finding that the burden was met and only really was able to use some circumstantial evidence in doing so. He could find no authority in Illinois for his finding to rely on the fact or to rely on his finding that theft was established and had to go outside of our jurisdiction to Kansas to find some law that he believed applied. And so it is with that that the appeal was made. Here is where we find the issues that are before you. This is where the real issues begin, that the record was never submitted to the appellate court. And while counsel is very strenuous in demonstrating... Do you mean the entire record or just the portion that shows no financial loss to Abbott? Your Honor, that is correct. It is merely a portion of the record. It happened to be the record that was probably the most relevant part of the record for purposes of consideration of the appeal, but that was the part of the record that was not submitted. And so while the argument is made that the merits of the case have been decided, it is really hard as we take a step back to say that that is correct when the appellate court never was able to review the meritorious arguments that were being made in this closely balanced case. And procedural avenues have been foreclosed to the defendants to the point that we find ourselves today. And if the State has their way, there will be no more procedural recourse to these two defendants, and they will have never had the arguments that they wish to present to the appellate court presented to the appellate court for review. So when we present to your Honors that we believe fundamental fairness is activated in this situation, it is because, and this is the only case that we have with these defendants, they cannot be said to have been on the receiving end of fundamental fairness or substantive due process when the arguments that they wish to present, they were unable to present. They were never considered. And there is procedure that would allow for consideration, and I understand, Justice Thomas, your concerns and your wish to resolve some issues here that exist in the State or in the districts. But there do appear, even if you didn't change the law in this particular case, recourse that would allow your supervisory power to be utilized to allow a direct appeal to be filed for these two defendants. The cause and prejudice test, we would argue, is clearly met. The reviewing court at the trial level found that there was ineffectiveness, and that is per se cause. The prejudice clearly resulted in the defendants not having any procedural recourse and never having an appellate review of their meritorious arguments. The State has indicated that there may not have been jurisdiction for the appellate court in their brief, and we clearly find and believe that there was jurisdiction for the appellate court to take the case and to review it as two of the prayers for relief that were requested were denied. There is precedent for allowing the reinstatement of their appeals. You know the law better than we do, but the defendants took reasonable steps to try to perfect their appeals. Counsel, procedurally, and I, over here. Yes. The direct appeal was heard by the appellate court. They did pronounce a ruling. They did affirm the conviction. Isn't that correct? Yes, Your Honor. And the PC, but I think the debate now is whether a PC that does not allege facts that produce prejudice on the second prong of Strickland is not going to give you an avenue to the relief that you sought, and the mechanism that was used was incorrect. If I understand counsel's argument, that seems to be the case. I think that's their argument, and we don't believe that that should carry the day because we do believe that the prejudice is very clear, that as a result of this ineffectiveness and the failure to, I'm sorry, Your Honor, go ahead. Without, of course, whenever we order an opinion, there's something to do with our supervisory authority, but part of the argument here is we should not step outside of this difficult factual situation and solve it simply by issuing a supervisory order granting these defendants an appeal in the second district, and the argument has been made against that. Let's assume for a moment that we agree with that analysis. We may or may not, as my chief points out, but what is the mechanism you propose at this point, other than just a grant of grace from the Supreme Court, that you would ask us to follow to get to where you want to go? In the larger context, not just for these defendants, but perhaps others? All you can deal with are these defendants, and these defendants are unique because of the fact that they did file a proper notice of appeal, and they did go to the appellate court, and their appeal was heard and ruled upon, albeit missing an essential piece of the record. But what is the relief that you craft for your clients at this point, given that state of affairs? Given that the state may very well be correct, that procedurally there is not available recourse for them. That's an intelligent way to put it. What we're asking for is that we be given leave to file an appeal, and that be reinstated. But I guess I'm... The Justice O'Malley opinion crafts this other remand to do it again, right? I understand where he's coming from, and certainly, you know, with the split that exists, I think he was trying to help out these particular defendants. Whether he took sympathy with their predicament or not, there does exist the issue in the law. But I think we have raised judicata, but there are situations when raised judicata can be relaxed. Fundamental fairness, clearly. We have incompetence of appellate counsel, and we also have facts relating to the original claim, which were not part of the original appellate record. So all of the factors that allow for the relaxation of raised judicata exist here in abundance. And that's why we do believe that even if you were just taking the case of these two defendants, there would be room for you to allow them their request. The order of the appellate court, the opinion on the post-conviction says that specifically with directions to the trial court to permit defendants to file post-conviction petitions requesting relief that is allowed under Section 122-6 of the Act, if we simply affirm the appellate court, what relief would you file? I think we'd still be asking for what we were originally asking for, which only you really have the authority to grant. Would the appellate court then be in a position to review part of the record that they did not have an opportunity to review? Clearly, we would wish that that were the case, Justice Freeman, because there's such an integral part of the issue here. Could we modify then the remand order to just include presenting to the trial of the appellate court the record that it did not see before to address the restricted issue? Absolutely. I think we could, in the interest of judicial economy, whatever interest Your Honor proposes, that it could be very limited to that. But I think in the interest of justice, we'd like to take another look at any changes in the law that may have occurred between now and then to present a full appeal. But if the remedy that you craft is limited to merely presenting the record, then that would be certainly sufficient in our eyes as the defendants, because we are just asking for an opportunity to be heard on the merits of the arguments. Counsel, if the remedy crafted by Justice O'Malley was somehow eliminated by this trial court at that point, without the imprimatur of the appellate court? I think without an order from Your Honor permitting that, from this court permitting that, I think we would be, because there would have been a ruling already on the post-conviction, and there wouldn't be any remedy that we could request. Anything further, Mr. McKeon? No. Any further questions from Your Honor? Thank you. Thank you, Mr. McKeon.  Rebuttal, Ms. Kripke? We disagree that these defendants have been foreclosed from all legal avenues of relief. Going to the question that you just posed, Justice Fitzgerald, I believe that you should remand to the appellate court and tell them that they have to vacate the relief. I know that we argued in our briefs that they could not file a successive post-conviction petition. I think that may be an error. After further discussion, the people believe that they can. They can file one on their own. I don't think there's anything in the Post-Conviction Hearing Act that precludes them from doing it. But we do believe they have to prove both the cause and prejudice parts of the petition. To be honest, they may have that relief available to them. I personally don't think that they can succeed on it, because I think everything has become res judicata at this point. The fact that their initial petition was granted and their counsel was found to be ineffective, that can't be relitigated. That's law of the case now. The fact that they didn't argue the second prong of Strickland, that's what caused their foreclosure from all legal avenues of relief. They foreclosed themselves by not doing it correctly, and then they would have had a direct avenue to have their appeal re-adjudicated on the issue of reasonable doubt in the appellate court, because whoever had lost in the post-conviction court would have appealed the ruling, and then it would have come right up to the appellate court, and then it would have been there. As to the record, the record is complete now. Well, the record is complete as to what went on at trial. When the defendants came up on the appeal below this one, they still failed to make a complete record because the original ruling on the post-conviction court is not in there. All we have is the ruling from the people's motion to reconsider the grant of the petition. So even the initial, they still didn't get it right when they came up on appeal again. They still didn't make a complete record. So that is part of the problem. But to even remand this case with an order for the appellate court to be given a full record on appeal, when it came up on appeal, that record was complete as to the missing ruling from the bench in the trial court. If you were to create any relief, I don't believe you should be creating a direct appeal for these people again. They have the direct appeal. Obviously, let's state what the trouble is. The problem is that if we do that, the only thing that's of any significance will not get decided in any meaningful way, and that is whether or not these people lost their appeal because their lawyer failed to give a transcript that supported the only argument that was being made before the appellate court. Or didn't support, or was the ruling. The problem that, I understand that. The problem that I have with the sympathy toward the defendants is that, let's say that these. It's not necessarily always these defendants. Whenever we make a ruling, we're affecting anybody else who finds them in the same unfortunate boat. That's true. And maybe there is a little weight to the claim for fundamental fairness. Not at this point. There is no fundamental fairness because now we're dealing with the unreasonable assistance of PC counsel, and that is not of constitutional magnitude. And that's the problem where you're going to end up. It was the PC counsel who failed to prove up the second prong of Strickland. They didn't even allege unreasonable assistance of PC counsel when they came up on appeal. And that's gone. That argument is gone. You probably have a pretty good idea of what I'm going to talk about by now. But if the law of this state was that post-conviction court could indicate notice of, new notice of appeal. File a new notice of appeal. Then the issue would be, assuming that this court gave its imprimatur to that and the post-conviction court did have the right to say, go ahead, file a new late notice of appeal. They file it. You're going to file a cross appeal indicating that the post-conviction court was wrong. And even finding that there was ineffective assistance of appellate counsel because the prejudice prong was in plaid. And consequently, as a result of that, the appeal should be dismissed. So a ruling by this court that would allow the post-conviction court to fashion that relief does affect your case. I'm a little lost here. Can the people file a cross appeal in a criminal case? We can't file a cross appeal. Well, arguing in their notice of appeal, even in your appellee's brief, you could argue that the fact is that the late notice of, or you can file a motion to dismiss the appeal, right? We could, but then why can't we affect the same remedy that you're creating? First of all, this is just sending it back down. No, but see, it's like Justice Fitzgerald said. We have bigger issues. We have bigger issues. Not more important issues than the people involved, the people and the defendants in this case, but bigger issues because we have a conflict as to whether the post-conviction court can do that. When we get to your case specifically, you keep saying, and rightfully so, you keep saying the remedy fashioned by the second district is it goes back down to the PC court. Well, now you've got an issue of the PC counsel being ineffective, and therefore now we're no longer dealing with reasonable, you know, we're only dealing with reasonable representation. And I'm saying that if we look at it from the get-go of what the post-conviction court could have done in this case, it does affect your case, doesn't it? I mean, you wouldn't be here now because there would have been a notice, late notice of appeal filed in the appellate court, and as you correctly point out, rather than a cross appeal, you would file a motion to dismiss based on the fact that the post-conviction court botched up the whole Strickland analysis because the prejudice prong wasn't met. If you are going to allow late notices of appeal, as the Supreme Court rule stands now, they can only be allowed within a six-month period of time. This occurred years after the ruling from the, how could they, unless you're going to change your rule. Wait, let's stop. I mean, we're talking apples and oranges now. We're not talking about the first filing in a direct appeal. We're talking about remedies that can or cannot be fashioned by the post-conviction court upon a post-conviction petition alleging ineffective assistance of appellate counsel. That's not going to be done within six months of the direct appeal. So I think we're, you know, we're talking about apples and oranges there. And I don't know what, I don't think anybody sitting here knows what the court is going to fashion. All I'm telling you and how we're going to decide is that there is a conflict in the districts on what the post-conviction court can do as far as relief in that situation. Again, as to defendants whose appeal has not been perfected, the late, it seems burdensome, it seems cumbersome, it seems a waste of judicial resources, et cetera, for the PC court to deny their late notice of appeal, to have them go up to the appellate court and say, oh, this was denied, and then have the appellate court say, yes, we will take the appeal, and then it's instituted. So if this court wants to say we're going to cut to the chase and allow these defendants who have never been up on direct appeal, that's fine. What concerns me is, again, the undermining of Fouch v. O'Brien. And I realize my time is about to be up. What I want the court, I would like the court to think about it in these terms. If the defendant had raised two issues on appeal, not one, but two issues, and one of the issues could have been addressed by the second district because the record was sufficient as to that issue, some pretrial motion, whatever it is, and they would have disposed of it and probably ruled against it. It doesn't matter how they ruled. They would have ruled. And then the issue would have been, and what about the reasonable doubt? Well, the reasonable doubt, we're missing the court's ruling, it's gone because of Fouch v. O'Brien. Nobody would be up here saying our case wasn't adjudicated on the merits. It's just that there was only one issue raised, and the record was insufficient as to that very issue that makes everybody feel uncomfortable. But you can't parse it like that. Fouch v. O'Brien, there is no degrees of when it can be used and when it can't be used. That's the bottom line. And that's the problem that comes before the court. I do believe that these defendants, without anybody intervening, any court intervening, can go on their own and file a successive post-conviction petition and try and meet the standards on it. Thank you, Ms. Karpia. Thank you. Thank you, Mr. Mathias. Case No. 104-315, People of the State of Illinois v. Edward Golden, et al., is taken under advisement as Agenda No. 5.